IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SAUL MORENO,<br>*Plaintiff,*<br><br>v.<br><br>WEEKS MARINE, INC.<br>*Defendant.* | §<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§   **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Saul Moreno complains of Weeks Marine, Inc. for cause of action respectfully shows this Honorable Court the following:

## THE PARTIES

1. Plaintiff is a resident of Texas. Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. § 30104.

2. Defendant Weeks Marine, Inc. is a foreign limited liability company. This Defendant maintains a registered agent in Louisiana. It may be served through its registered agent: Melody Treme, 304 Gaille Drive, Covington, LA 70433.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 46 USC § 30104.

4. This Court has personal jurisdiction over the Defendant because it conducts systematic and continuous business activities in and throughout the state of Louisiana and this District.

5. Venue is properly laid in this District as the Defendant resides in this District.

## CLAIMS FOR RELIEF

### Jones Act Negligence/General Maritime Negligence/Unseaworthiness

6. On or about August 17, 2022, Plaintiff was working for Defendant Weeks Marine. Plaintiff was an Engineer. While traveling to a booster pump, Plaintiff climbed on the tires that

were used as a ladder on the side of the booster pump. This was the normal and customary way of climbing onto the barge. While climbing on these tires, the tires moved abruptly and caused him to torque his back. Within the next few days, Plaintiff's back worsened and was in severe pain. Unfortunately, Weeks does not have a safe means of ingress or egress when moving between vessels like the booster pump. Plaintiff reported the incident and filled out an accident report with Weeks Marine.

7. At all times material hereto, Plaintiff was aboard a vessel owned and operated by Defendant, and was in the employ of Defendant, acting within the course and scope of his employment as a seaman. As such, Plaintiff sues for Jones Act negligence, general maritime negligence, and for unseaworthiness.

8. Defendant owed Plaintiff the duty of reasonable care, and a duty to provide a reasonably safe place to work – this includes warning Plaintiff of dangerous man-made hazards. Defendant failed in its duties to the Plaintiff. Defendant's breach of its duty was the producing cause, or the proximate cause, of Plaintiff's injuries.

9. By reason of the occurrences made the basis of this action, including the conduct on the part of Defendant, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life. Plaintiff brings claims under the Jones Act, general maritime negligence, and unseaworthiness.

10. As a result of the foregoing injuries, Plaintiff has suffered a loss of wages in the past and a loss of or reduction in the capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

11.     Moreover, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability will incur reasonable medical expenses in the future.

12.     Additionally, as a result of the injuries sustained in this occurrence, Plaintiff suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

13.     Pleading further, in the alternative, if it is shown that Plaintiff was suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

14.     Plaintiff is physically impaired as a result of injuries sustained.  As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

## Maintenance and Cure

15.     Plaintiff would show that on the above-mentioned date, he was injured while in the service of a vessel.  As a result, Defendant has and continues to have a non-delegable duty to provide Plaintiff with the benefit of maintenance and cure.  Plaintiff would show that he has not reached maximum medical improvement and that Defendant's duty continues.  Defendant has denied payment and/or has unreasonably delayed payments for maintenance and cure and/or has paid maintenance in an insufficient amount.  As a result of Defendant's conduct, and Defendant's failure to pay and/or delay paying the benefits of maintenance and cure, Plaintiff has suffered further injuries and damages, for which he now sues.  Plaintiff would further show that Defendant's failure to provide the benefits of maintenance and cure is not only unreasonable, but is arbitrary and capricious, or willful, callous, and persistent; and that as a

result thereof, Plaintiff is entitled to an award of attorneys' fees, for which he now sues, in addition to all other relief sought.

16. Plaintiff would further show that Defendant's personnel interfered with Plaintiff's medical treatment, refused to investigate and refused to acknowledge Plaintiff was injured. Plaintiff would also show that Defendant knew Plaintiff was injured, but attempted to hide such injuries from Defendant's contract partner, and attempted to force Plaintiff to work beyond reasonable restrictions.

17. Plaintiff would also show that Defendant is guilty of willful and wanton misconduct in failing to provide maintenance and cure. Further, Defendant failed to have adequate equipment available, and failed to have adequately trained personnel directing such work.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment in his favor against the Defendant as follows:

   a. Compensatory damages to include those for past and future economic loss; past and future mental anguish; past and future pain and suffering; past and future bodily impairment and disfigurement; and past and future medical expenses in an amount to be determined by the trier of fact as provided by law and supported by the evidence at trial;

   b. Punitive damages;

   c. An award of attorneys' fees and costs of suit, as provided by law; and

   d. Any other such other legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

GARNER & MUNOZ

/s/ *John G. Munoz*
John G. Munoz (#9830)
935 Gravier Street, Suite 1140
New Orleans, LA 70112
Telephone: (504) 581-6851
Facsimile: (504) 581-7083
jgm@g-mlaw.com

**ATTORNEY FOR PLAINTIFF**

**Service VIA Summons to:**

**WEEKS MARINE, INC.**
**Through their registered agent for service of process:**
**Melody Treme**
**304 Gaille Drive**
**Covington, LA 70433**