UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SAUL MORENO | * | CIVIL ACTION |
| VERSUS | * | NO. 22-4267 |
| WEEKS MARINE, INC. | * | SECTION "J" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff's Motion to Compel Vessel Inspection of Boosters 189 and 268. ECF No. 27. Defendant Weeks Marine, Inc. timely filed an Opposition Memorandum. ECF No. 28. Plaintiff sought leave and filed a Reply Memorandum. ECF Nos. 30-32. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel Re-Inspection (ECF No. 27) is DENIED for the reasons stated herein.

### I.     BACKGROUND

Plaintiff Saul Moreno filed suit against Defendant Weeks Marine, Inc. under the Jones Act and general maritime law. He alleges personal injuries sustained while working as an engineer aboard Defendant's vessel when the tires used as a ladder on the side of a booster pump abruptly moved as he climbed on them, causing him to torque his back. ECF No. 1 at 1-2.

#### A. The Motion to Compel

On July 7, 2023, Plaintiff requested an inspection of Defendant's vessels, Boosters 189 and 268. Although Plaintiff performed the inspection on July 27, 2023, he seeks to compel another inspection because the first was "restricted at every turn by counsel for Defendant, rendering the inspection useless." ECF No. 27-1 at 2; 27-3 at 4. Specifically, Plaintiff alleges that his expert

1

was not allowed to board the barges, fly a drone over them, or take any measurements of the boosters. *Id*. Plaintiff argues that his inspection request was "reasonably particular" in its description of the items to be inspected (i.e., Boosters 189 and 168) and, rather than timely object to the request, Defendant waited until the day before the scheduled inspection to tell Plaintiff that his expert could not board the working vessels. *Id*. at 3. Defendant also objected to the use of a drone for photographs and measurements during the inspection. Accordingly, Plaintiff argues, he was unable to perform a "proper inspection," and a second inspection is necessary for his expert's assessment.

In Opposition, Defendant argues that Plaintiff failed to communicate the manner or method by which he intended to conduct the inspection, despite repeated inquiries from Defendant. ECF No. 28 at 2. It also claims that, in the face of any specific requests regarding the inspection from Plaintiff, counsel informed Plaintiff's counsel that experts would not be able to board the barges because they were actively working. *Id*. It further argues that Plaintiff's expert took photographs, measurements, and obtained other probative information that allowed him to render an expert opinion, and Plaintiff's failure to state with reasonable particularity his inspection parameters does not warrant the burden associated with a belated additional inspection. *Id*.

In Reply, Plaintiff repeats his arguments and notes that, to date, Defendant has not replied to any of his requests to discuss the second inspection. ECF No. 32.

## II.    APPLICABLE LAW

### A.  Timeliness of Plaintiff's Motion

The governing Scheduling Order in this matter establishes an August 29, 2023 deadline for completion of all discovery, with Plaintiff's expert report due by June 30, 2023. ECF No. 17 at 1, 2. Despite the fact that the inspection at issue occurred on July 27, 2023, Plaintiff delayed almost

three weeks to file this motion and, rather than request expedited hearing, set the matter for submission after expiration of the discovery deadline. This ground alone supports denial of the motion.[1]

### B. Discovery Parameters

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(1).

### C. Rule 34 Inspections

Rule 34(a)(2) provides that "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." The request must describe with "reasonable particularity" the property to be inspected as well as specify the time, place, and manner of inspection.[2]

---

[1] *See Yuspeh v. State Farm Fire & Cas. Co.,* 2008 WL 4758627 (E.D. La. Oct. 29, 2008) (Africk, J.) (affirming magistrate judge's order denying motion to compel reinspection based on expiration of discovery and expert deadlines).

[2] *XL Ins. America, Inc. v. Associated Terminals, L.L.C.,* No. 20-427, 2020 WL 12893773 (E.D. La. Sept. 25, 2020) (Douglas, M.J.) (citing Fed. R. Civ. P. 34(b)(1)(A)-(B)).

"The party to whom the request is directed must respond in writing within 30 days after being served." FED. R. CIV. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34.[3] Moreover, Rule 37(a)(3)(B)(iv) provides that a party seeking discovery may move for an order compelling inspection if "a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34."

Although Rule 34 is construed broadly, entry upon a party's premises may engender greater burdens and risks than mere production of documents or deposing witnesses. For that reason, courts have conducted a more searching inquiry into the necessity for inspection.[4] Courts should balance "the degree to which the proposed inspection will aid in the search for truth . . . against the burdens and dangers created by the inspection."[5] Further, although not specifically addressed in Rule 34, courts recognize that certain limitations may be imposed for safety and logistical reasons.[6]

Where a party seeks to compel a second inspection under Rule 34, the court must weigh the degree to which the proposed inspection will assist the moving party against the hardships and hazards created by the inspection.[7] Further, "since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for

---

[3] *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).
[4] *See, e.g., Belcher v. Bassett Furniture Industries, Inc.*, 588 F.2d 904, 908 (4th Cir. 1978).
[5] *Id.*
[6] *XL Ins. America, Inc.,* 2020 WL 12893773 at *3.
[7] *Upkins v. Lexington Ins. Co.,* No. 07-3906, 2008 WL 11515917, at *3(E.D. La. Nov. 10, 2008) (Roby, M.J.) (citing *Young v. State Farm Fire & Cas. Co*., No 06-9871, 2007 WL 2127871, at *2 (E.D. La. July 25, 2007) (Feldman, J.) (affirming magistrate judge's denial of motion to compel inspection where movant had ample time and opportunity to collect relevant information through discovery and to prepare its case)); *see also Estate of Christman v. Liberty Mutual Ins. C*o., No. 20-739, 2021 WL 3177415, *5 (M.D. La. July 26, 2021) (same).

4

inspection would seem warranted."[8]  In other cases in which additional inspections have been granted, movant has established that some new theory or expert opinion warrants the reinspection.[9] When, however, the party shows only minimal need for a second inspection, such requests have been denied.[10]

**III.  ANALYSIS**

The Scheduling Order in this matter establishes a June 30, 2023 deadline by which Plaintiff must provide Defendant with his expert reports.  ECF No. 17 at 2.  Despite this deadline, however, Plaintiff waited until July 7, 2023 to request dates for his expert's vessel inspection.  ECF No. 27-3 at 4.  In making the request, Plaintiff's counsel merely requested "dates for the inspection of both Booster 169 and Booster 268."  *Id.*  Plaintiff did not specify a desire to board the barges, nor did he advise that he planned to fly a drone over the barges.  Plaintiff's request failed to identify with "reasonable particularity" the inspection methods Plaintiff's expert intended to conduct.  Further, Plaintiff failed to respond to multiple e-mails from defense counsel seeking specifics of the inspection.  *See* ECF No. 28-1 at 6-8.  Defendant, however, failed to object to Plaintiff's inspection on the basis that he failed to provide reasonable particularity for the desired inspection.  Then, on the day before the inspection, defense counsel told Plaintiff's counsel that his expert would not be allowed to board.

Although Plaintiff seeks a second inspection, it appears that his expert rendered an opinion based on the initial inspection.  Further, while Plaintiff complains about the limitations imposed

---

[8] *Id.* (quoting *Fischer v. Encompass Indemnity Co.*, No. 06-2498, 2007 WL 1087586 (E.D. La. Apr. 10, 2007) (affirming magistrate judge's denial of a fourth inspection of plaintiff's damaged property)).

[9] *See, e.g., Mendoza v. General Motors, LLC,* No. 2018 WL 1605722, 2018 WL 1605722 (E.D. Ca. Apr. 3, 2018) (granting defendant's motion for reinspection where plaintiff's expert witness expressed new opinions about the structure warranting additional inspection and testing); *Navix Imaging, Inc. v. Lexington Ins. Co.*, No. 05-469, 2006 WL 8438822 (M.D. Fla. May 18, 2006) (same).

[10] *See, e.g., Lopez v. United States*, No. 15-180, 2016 WL 11771115 (S.D. Cal. Sept. 30, 2016) (denying second inspection of elevator platform on vessel where elevator was only on ground level in first inspection and plaintiff desired inspection while in a raised position).

during the first inspection, his motion fails to identify what specific information his expert desired to obtain but could not obtain during that initial inspection.

## IV.  **CONCLUSION**

While the condition of the barges at the time of the incident is certainly relevant, the discovery deadline has expired.  Further, Plaintiff has not identified what information he sought but did not obtain during the  first inspection. The burden of allowing an inspection of working vessels, which is exacerbated in this case given that the two barges have been moved to separate jobs, is significant.  Balancing the relevance and proportionality standard set forth in Rule 26(b) against the burden and hardship of a second Rule 34 vessel inspection, Plaintiff has not established good grounds to justify for a second vessel inspection.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 27) is DENIED.

New Orleans, Louisiana, this ___1st___ day of September, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE